IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED
DEC 21 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANGELO PIZZAGRANI,<br><br>Petitioner,<br><br>v.<br><br>A. A. LAMARQUE, Warden,<br><br>Respondent. | No. C 01-5100 SBA (PR)<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO APPEAL AND GRANTING IN PART AND DENYING IN PART HIS REQUEST FOR A CERTIFICATE OF APPEALABILITY**<br><br>(Docket Nos. 27, 31) |

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition was denied in a ruling entered on March 31, 2005. Judgment was entered that day. On August 19, 2005, Petitioner filed a Notice of Appeal (docket no. 27). Petitioner has also filed a motion for an extension of time to file a request for a certificate of appealability ("COA") (docket no. 31).

## DISCUSSION

### I.   Motion for Extension of Time

Fed. R. Civ. P. 6(b) allows the district court to extend the time for taking any action that is required to be done within a specified time under the Federal Rules or a court order. There is no time limit for requesting a COA. See 28 U.S.C. § 2253(c). Moreover, Petitioners need not file a separate COA motion; the Court will construe his notice of appeal filed on August 19, 2005 as a request for a COA. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

Accordingly, the Court grants Petitioner's motion for an extension of time to file a request for COA. The time in which Petitioner may file a request for a COA will be extended nunc pro tunc to August 19, 2005, the date that Petitioner's notice of appeal was filed.

//

//

## II. COA

### A. Legal Standard

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). See Slack, 529 U.S. at 483. In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

### B. Background

In July 1997, a jury convicted Petitioner of second degree murder and found the enhancement of personal use of a knife to be true. In February 1998, the trial court granted Petitioner a new trial based on juror misconduct. The People filed an appeal, and the California Court of Appeal reversed the new trial order in an unpublished opinion filed in February 1999. The case then returned to the trial court where Petitioner filed a second motion for a new trial based on ineffective assistance of counsel. The trial court denied Petitioner's second motion for a new trial. Petitioner was sentenced in June 2000 to thirty-nine years to life.

Petitioner filed a direct appeal contending that the trial court erred when it denied his second motion for a new trial. The People cross-appealed claiming the trial court sentenced Petitioner incorrectly. The California Court of Appeal rejected Petitioner's arguments advanced on appeal and affirmed that portion of the judgment on June 27, 2001.[1] His petition for review to the California Supreme Court was denied without explanation on September 12, 2001.

Petitioner filed his federal petition on December 21, 2001. On June 21, 2002, this Court conducted an initial review of the petition pursuant to 28 U.S.C. § 2243 and dismissed the petition because it raised both exhausted and unexhausted claims. The Court then granted Petitioner leave to file an amended petition containing only exhausted claims. On July 8, 2002, Petitioner filed a timely amended petition in which he raised the following claims, all of which he asserted were presented to the California Supreme Court: (1) juror misconduct; (2) ineffective assistance of trial counsel due to counsel's failure to properly address matters of juror misconduct; (3) and (4) both dealing with the existence of a conflict of interest with appellate counsel; and (5) ineffective assistance of appellate counsel. This Court denied Petitioner's federal habeas corpus petition on the merits.

### C. Claims Where Application for COA Is Granted

#### 1. Juror Misconduct

With respect to Petitioner's first claim of juror misconduct involving Juror Eleven, the Court finds that reasonable jurists could find debatable the Court's assessment of this claim.

The trial court conducted an evidentiary hearing before granting Petitioner's first motion for a new trial based on juror misconduct. The appellate court conducted a de novo review of the evidence presented to the trial court and determined that "the information the jurors obtained was not so prejudicial that its erroneous introduction in the trial would have warranted reversal of the judgment." In a reasoned decision, the appellate court determined that Petitioner failed to satisfy his burden of demonstrating actual prejudice from the alleged juror misconduct and reversed the trial court's order granting a new trial. This Court concluded that Petitioner had a full, fair and

---

[1] However, the appellate court agreed with the People that the trial court sentenced Petitioner incorrectly and ordered the appropriate modification of his sentence to forty-five years to life.

complete opportunity to present evidence in support of his claim to the state courts and that the appellate court's factfinding process was intrinsically reasonable. The Court noted that the record showed that "none of the jurors who testified during the motion for new trial said or even suggested that the extrajudicial information had caused them to come to any conclusion about the case." Mar. 31, 2005 Order at 11 quoting CT 515. The Court found that Petitioner failed to rebut the appellate court's findings that the presumption of prejudice from the extrajudicial information from Juror Eleven was adequately rebutted by evidence that it did not concern the jurors who rendered the verdict, and that Petitioner failed to satisfy his burden of demonstrating actual prejudice from the alleged juror misconduct. See 28 U.S.C. § 2254(e)(1) (A district court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.) In finding that the trial court erred in granting a motion for a new trial, the appellate court reversed the trial court's ruling and affirmed Petitioner's conviction. In denying habeas relief on this claim, the Court determined that the appellate court's decision was not "objectively unreasonable." Reasonable jurists, however, could resolve this issue in a different manner. In particular, if a court concludes that the extrajudicial information provided to the jury by Juror Eleven was inherently prejudicial and that there was a substantial likelihood that one or more of the jurors was "inherently" or "actually" biased against Petitioner, then this claim could amount to constitutional error.

Accordingly, Petitioner's application for COA as to this claim is GRANTED.

2.  **Ineffective Assistance of Counsel Claims**

    a.  **Failure to Appropriately Respond to Juror Three's Request for a Hearing Aid**

Petitioner claimed that the juror's request for a hearing aid raised the obvious concern that the juror did not hear all of the preceding testimony, therefore, a reasonable attorney would have asked the trial court to inquire further to determine whether Petitioner's Sixth Amendment rights had been violated. In rejecting this claim, the Court found that even if his trial counsel's actions were unreasonable, Petitioner failed to show that he would have achieved a more favorable result if his trial counsel had asked the trial court to inquire further into Juror Three's ability to hear.

The Court finds that reasonable jurists could resolve differently the questions of whether the actions taken by his trial counsel were reasonable and whether Petitioner was prejudiced by such actions. Accordingly, the application for a COA is GRANTED with respect to this claim.

### b. Failure to Make Additional Inquiries of the Remaining Jurors During the First Motion for a New Trial and Failure to Ask the Court to Admonish the Jurors to Disregard What Juror Eleven Had Told Them

Petitioner alleged that the remaining jurors were biased against Petitioner because the extrajudicial information from Juror Eleven had affected their decision on the verdict. Petitioner claimed that his trial counsel was ineffective for failing to make additional inquiries of the remaining jurors and failed to ask the court to admonish the jurors to disregard what Juror Eleven had told them. The appellate court determined that "the extraneous information provided by Juror 11 was not of such a nature that it was inherently prejudicial, nor was it substantially likely that one or more jurors was 'actually' biased against [Petitioner]." Resp't Ex. 5 at 6. Therefore, the appellate court concluded that it was "not reasonably probable [Petitioner] would have achieved a more favorable result absent the errors alleged." Id. In rejecting this claim, the Court found that Petitioner had not demonstrated that the appellate court's decision -- that his trial counsel's actions failed to rise to the level of constitutionally ineffective assistance of counsel -- was contrary to or an unreasonable application of established federal law under the Strickland[2] standard.

The Court finds that reasonable jurists could resolve differently the question whether the trial counsel was ineffective in his failure to (1) make further inquiries of the jurors and (2) ask the court to admonish the jurors, especially if the extrajudicial information was prejudicial to Petitioner, as argued in Petitioner's first claim. Accordingly, the request for a COA is GRANTED as to this claim.

### D. Claims Where Application for COA Is Denied

#### 1. Conflict of Interest and Ineffective Assistance of Appellate Counsel

Petitioner's claims against his appellate counsel stemmed from his allegation that the trial

---

[2] Strickland v. Washington, 466 U.S. 668, 686 (1984).

court should have granted his second motion for a new trial because he was represented on the prior appeal by an attorney who came from the same office as his trial counsel. Petitioner claimed that appellate counsel had a conflict of interest and that he was ineffective because among other reasons, he did not argue on appeal that trial counsel provided ineffective assistance. In rejecting these claims, the Court found that Petitioner's claims were meritless.

Petitioner alleged that Mr. Boyer, his appellate counsel on the People's appeal (as opposed to Petitioner's direct appeal), had a conflict of interest because he worked in the same office as Petitioner's trial counsel.[3] The Court determined that while this could have demonstrated a conflict of interest on <u>Petitioner's</u> direct appeal, it was irrelevant to Mr. Boyer's representation of Petitioner on the <u>People's</u> appeal. Petitioner failed to provide any authority suggesting that a conflict of interest can exist when appellate counsel is defending a motion on which trial counsel prevailed. Therefore, the Court determined that the appellate court's subsequent decision, on Petitioner's direct appeal, to reject Petitioner's claim that Mr. Boyer had a conflict of interest is not contrary to or an unreasonable application of established federal law. As for his ineffective assistance of appellate counsel claim, the Court found that Petitioner failed to show that Mr. Boyer's failure to raise certain claims (i.e., ineffective assistance of trial counsel) during his defense of an appeal by the <u>People</u>, fell below an objective standard of reasonableness. Therefore, the Court also determined that the appellate court's ruling rejecting Petitioner's ineffective assistance of appellate counsel claim was not contrary to, or an unreasonable application of, clearly established federal law.

Because the Court found that Petitioner's conflict of interest and ineffective assistance of appellate counsel claims were facially without merit, reasonable jurists would not find the Court's assessment of Petitioner's claims debatable. Accordingly, Petitioner's request for the Court to issue a COA for both claims is DENIED.

//

//

---

[3] Mr. Boyer did not represent Petitioner on his direct appeal to the California Court of Appeal.

**CONCLUSION**

For the foregoing reasons, Petitioner's motion for an extension of time to file a request for a COA (docket no. 31) is GRANTED, and the application for a COA (docket no. 27) is GRANTED in part and DENIED in part.

The Clerk of Court shall process the notice of appeal, terminate all pending motions and transmit the case file to the Court of Appeals, including copies of: 1) the Notice of Appeal (docket no. 27); 2) the Order denying the petition for a writ of habeas corpus (docket no. 22); and 3) this Order. See Fed. R. App. P. 22(b); Asrar, 116 F.3d at 1270.

This Order terminates Docket Nos. 27 and 31.

IT IS SO ORDERED.

DATED: December 1_/, 2005

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Pizzagrani,

          Plaintiff,

v.

Lamarque et al,

          Defendant.
_____/

Case Number: CV01-05100 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pamela K. Critchfield
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Robert Angelo Pizzagrani P-87988
Solano State Prison
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: December 21, 2005

                                    Richard W. Wieking, Clerk
                                    By: LISA R CLARK, Deputy Clerk